UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| International Markets Live, Inc., | Case No. 2:22-cv-01863-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 161** |
| David Imonitie, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff International Markets Live, Inc.'s Motion for Order Setting Number of Depositions Permitted under FRCP 30(a). ECF No. 161. Defendants opposed at ECF No. 170,[1] and Plaintiff replied at ECF No. 171.

The question before the Court is whether Plaintiff should be able to exceed the presumptive number of depositions allowed under Fed. R. Civ. P. 30(a)(2). The parties are familiar with the arguments. As a result, the Court does not repeat them here.

**I.     Analysis**

Fed. R. Civ. P. 30(a)(2) limits the number of depositions that each side may take without leave or stipulation to 10. When considering a party's request for leave to take more than 10 depositions, the Court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." *Sec. of Labor v. Southwest Fuel Mgmt., Inc.*, 2017 WL 8941165, at *7 (C.D. Cal. Sept. 19, 2017) (collecting cases). Many courts hold that in order to make a "particularized showing," moving "parties must ordinarily exhaust their allowed number of depositions" before making a request for additional depositions. *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013) (citation omitted).

---

[1] The Defendants that opposed the instant motion are those listed in the original complaint.

### A. Deposition of third parties

Plaintiff asserts that there are several third parties in possession of documents relevant to the claims and whose depositions are needed to establish the authenticity of some of these documents. In addition, Plaintiff asserts it is likely that additional depositions will be needed after it conducts Fed. R. Civ. P. 30(b)(6) depositions of corporate Defendants NVisionU, Inc. and ILYKIT, LLC. As a result, it requests the ability to take six depositions of third parties and six follow-up depositions based on information revealed by the 30(b)(6) witnesses.

#### i. Third-party depositions

First, the Court has found no Ninth Circuit authority addressing whether a "preservation deposition" or "trial deposition" is a "discovery" deposition subject to the limits of Fed. R. Civ. P 30(a)(2) or a deposition that is exempt from those strictures. Authority from other district courts is scant and conflicting. *Compare, e.g., Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 558 (S.D. Cal. 1999) *with Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001). However, the Court is persuaded by the rationale espoused in *Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.C.*, No. CIV. 04-1367 PHX ROS, 2006 WL 2401245 (D. Ariz. Aug. 17, 2006) noting that

> The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial. *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 558 (S.D.Cal. 1999). Plaintiffs' argument that these depositions should be allowed based upon such a distinction would effectively eviscerate the discovery deadlines set forth in scheduling orders. *See id.* A party would be free to wait until after the close of discovery to take any number of depositions.

Given any such depositions should come within the limits of Fed. R. Civ. P. 30(a)(2), the Court evaluates whether Plaintiff has made a particularized showing for this request.

Here, Plaintiff does not explain *how* the sought documents from third parties are relevant to any of the claims at issue. As a result, Plaintiff has not made a particularized showing consistent with Rule 26(b)(1). In turn, the Court denies Plaintiff's request for these depositions without prejudice.

//

### ii. Follow-up depositions after testimony of 30(b)(6) witnesses

First, depositions of Fed. R. Civ. P. 30(b)(6) witnesses count toward the 10-deposition presumptive limit under Fed. R. Civ. P. 30(a)(2). *Stevens v. Corelogic, Inc.*, 899 F.3d 666 n.13 (9th Cir. 2018). Thus, the Court evaluates whether Plaintiff has made a particularized showing for this request.

Plaintiff fails to make a particularized showing as to the need to conduct any follow-up depositions after the Fed. R. Civ. P. 30(b)(6) witnesses have been deposed. At this stage, it is not clear what these witnesses will say, making it impossible for Plaintiff to establish a particularized need consistent with Rule 26(b)(1). As a result, the Court denies Plaintiff's request for these additional depositions without prejudice.

### B. Deposition of experts disclosed by Defendants

Plaintiff's sole argument is that it will be unable to obtain discovery of these experts' opinions from other sources. Plaintiff has not made a particularized showing as to the need to depose these experts at this time. It is not clear whether Defendants will retain experts or what will be the substance of their testimony, making it impossible for Plaintiff to establish a particularized need under Rule 26(b)(1). As a result, the Court denies Plaintiff's request for these depositions without prejudice.

### C. Need for depositions of all Defendants

Under the current procedural posture of the case, Plaintiff's First Amended Complaint lists 22 Defendants and includes 10 claims stemming from the alleged violation of an agreement between Defendants and IML.[2] Plaintiff's claims against the individual and corporate defendants include claims for breach of contract, misappropriation and violation of the Uniform Trade Act, tortious interference, defamation and business disparagement.

Plaintiff asserts that each of the Defendants has knowledge regarding the instant claims. Plaintiff seeks to take their depositions to inquire into their contractual relationships and the alleged violations of the contract, interference with others' contracts, and the alleged defamatory

---

[2] There is a pending motion by Defendants to strike the amended complaint and several motions to dismiss.

statements concerning Plaintiff. Plaintiff asserts that the alleged breach at hand, as well as the potential damages involved, differs from Defendant to Defendant. Thus, Plaintiff has made a particularized showing consistent with Fed. R. Civ. P. 26(b)(1) and (b)(2).

While ordinarily courts expect the party requesting to enlarge the number of depositions to exhaust the allowed presumptive number, this case does not fall into the ordinary category given the number of Defendants, the complexity of the case, and the fact that this Court can determine whether the additional depositions will be appropriate under Rule 26 and Rule 1. *Gamino v. KPC Healthcare Holdings, Inc.*, No. 521CV01466SBSHKX, 2022 WL 601047, at *5 (C.D. Cal. Feb. 28, 2022).

Next, the Court addresses each of Defendants' three arguments.

### i. Whether the instant motion should be decided at this time

Although Defendants have challenged this Court's jurisdiction, discovery has not been stayed. As a result, that is not a proper basis to deny the instant motion. Likewise, even assuming Plaintiff's First Amended Complaint were to be stricken, it would not affect Plaintiff's ability to depose the additional named Defendants—either as parties (if the motion to strike is denied) or non-parties (should the motion to strike be granted). To the extent any of these individuals (be it as parties or non-parties) believe these depositions would be improper, they can seek appropriate relief from the Court. As a result, there are no real concerns regarding their due process rights. As to the argument surrounding Fed. R. Civ. P. 26(d), Plaintiff will need to comply with that Rule or seek appropriate relief from it—but Fed. R. Civ. P. 26(d) does not otherwise impact the instant request.

### ii. Whether the request is contrary to the Rules of Civil Procedure

While not too clear, it appears that Defendants are referring to Rules 1 and 26(b). They theorize it may be able to take as many depositions as Plaintiff, which will, in turn, impose a financial hardship on them. This bare statement does not provide the kind of detailed information

the Court needs to engage in an appropriate Rule 26(b) balancing test or determine how the request is be contrary to Rule 1.[3]

### iii. Whether Plaintiff is contractually prohibited from making this request

The Federal Rules of Civil Procedure do allow for more than 10 depositions so long as the appropriate showing is made. In that regard, while Plaintiff's contract with Defendants may "subject [Plaintiff] to all the limitations contained" in the Federal rules of Civil Procedure, the instant request comes within that limitation. In addition, the individual defendants are subject (in theory) to depositions either as parties or non-parties. As a result, whether the contract requires that Plaintiff sue each of these defendants individually is not relevant to Plaintiff's specific request as they can be deposed as non-parties.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order Setting Number of Depositions Permitted under FRCP 30(a) (ECF No. 161) is GRANTED IN PART and DENIED IN PART consistent with this Order.

**IT IS FURTHER ORDERED** that the motion hearing set for May 22, 2023 is VACATED.

DATED: May 19, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[3] The rest of Defendant's argument in that section deals with due process concerns (analyzed in the previous section) or involves merit-based arguments without connection to Rule 30(a).