UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

INTERNATIONAL MARKETS LIVE INC., a )
New York Corporation d/b/a IM MASTERY )
ACADEMY, )
                Plaintiff, )
    vs. )
DAVID IMONITIE, *et al.* )
                Defendants. )

Case No.: 2:22-cv-01863-GMN-BNW

**ORDER**

Pending before the Court is the Motion to Remand, (ECF No. 5), filed by Plaintiff International Markets Live Inc., d/b/a IM MASTERY ACADEMY ("Plaintiff"). Defendant Ivan Tapia ("Tapia") filed a Response, (ECF No. 19), to which Plaintiff filed a Reply, (ECF No. 24).

Also pending before the Court is the Motion for Order Shortening Time on Motion to Remand to State Court, (ECF No. 6), filed by Plaintiff. Tapia filed a Response, (ECF No. 20). For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Motion for Order Shortening Time on Motion to Remand to State Court.

**I.**     **BACKGROUND**

On July 2, 2022, Plaintiff filed this pending action in the Eighth Judicial District Court of the State of Nevada against Defendants Tapia, David Imonitie ("Imonitie"), Spela Sluga ("Sluga"), Devon Roeser ("Roeser"), NVISIONU, Inc. ("NVISIONU"), and ILYKIT, LLC ("ILYKIT") (collectively, "Defendants"). (Mot. Remand 3:1–6, ECF No. 5).

Service of process was effectuated on all Defendants except Tapia between August 9, 2022, and August 31, 2022. (*Id.* 3:12–26). After several failed attempts to serve Tapia, the

state court permitted Plaintiff to serve Tapia by electronic means on October 17, 2022. (*Id.* 5:6–14). On November 4, 2022, Bradley S. Slighting ("Mr. Slighting")[1] filed a Notice of Removal on behalf of Tapia, (ECF No. 1). Tapia's Notice of Removal alleged that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (Not. Removal 3:11, ECF No. 1). The Notice of Removal additionally stated, "All Defendants consent to the removal." (*Id.* 5:5). Defendants Imonitie, Sluga, Roser, and NVISIONU filed a consent to removal on November 10, 2022, (*see* ECF No. 8), and ILYKIT filed its consent to removal on November 11, 2022, (*see* ECF No. 11). Moreover, in his Statement Regarding Removal, Tapia alleged that "[p]rior to filing the Notice of Removal, Tapia obtained written consent of every Defendant." (*See* Statement Re: Removal ¶ 6, ECF No. 18).

Plaintiff filed the pending Motion to Remand on November 7, 2022. Plaintiff argues, "The Notice of Removal is defective, fails to show that all properly served and joined defendants have consented to removal, and fails to apprise the Court of all relevant process, pleadings, and orders in the State Court Action." (Mot. Remand 2:17–20). Plaintiff additionally contends that, had Defendant not removed, the state court would likely have permitted Plaintiff to file its First Amended Complaint, which would have defeated diversity jurisdiction. (*Id.* 2:21–23).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have

---

[1] Plaintiff alleges that Justin James ("Mr. James"), a Utah-barred attorney, had reached out to Plaintiff's counsel to inform them that he was retained by Tapia, with Mr. Slighting serving as Tapia's local counsel in the action. Mr. Slighting also serves as local counsel for other Defendants.

subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a). A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### III.     DISCUSSION

Plaintiff presents three theories on why the Court should grants it Motion to Remand: (1) the Notice of Removal failed to show that all properly served and joined defendants have consented to the removal; (2) the Notice of Removal failed to apprise the Court of all relevant process, pleadings, and orders in the state court action; and (3) Plaintiff's First Amended Complaint, which should have been granted by the state court, would have defeated diversity. (*See generally* Mot. Remand).

#### A.   Consent to Removal by Defendants

Plaintiff is correct that, ordinarily, "all defendants in a state action must join in the petition for removal." *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 11993 n. 1 (9th Cir. 1988). Under 28 U.S.C. § 1446(b)(2), when a civil action is removed based on diversity of citizenship, "all defendants who have been properly joined and served must join in or consent to the removal of the action." However, further inquiry by the courts into what constitutes sufficient joinder or consent by other defendants in a multi-defendant action has been limited. The United States Supreme Court articulated this requirement in *Chicago, Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 245 (1900). As noted by the Ninth Circuit, however, the Supreme Court "d[id] not specify *how* defendants must join in removal. Nor does

any federal rule or statute specifically prescribe a particular manner in which codefendants' joinder must be expressed." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). The *Proctor* court thus noted that the "filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.*

Here, Tapia timely filed his Notice of Removal, asserting that "[a]ll Defendants consent to the removal." (Not. Removal 5:5). Shortly after, all remaining Defendants separately filed notices of consent to removal. Accordingly, the Court finds that Tapia's Notice of Removal satisfied the requirement that all defendants consent to the removal of the action.[2]

### B. State Court Proceedings

Tapia's Notice of Removal includes only those state court proceedings relevant to Tapia and did not provide the Court with notice of the other pleadings, filings, and orders before the state court. Plaintiff argues that this renders the Notice of Removal deficient because, under 28 U.S.C. § 1446(a), a notice of removal must contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (*See* Mot. Remand 7:23–25). Plaintiff fails to cite legal authority supporting its argument that a failure to include the documents served is sufficient grounds to remand a removed action.

Tapia contends that the statute "does not require a removing defendant to provide the Court with every minute entry, every filing, every pleading, or every order filed with the state court." (Resp. 4:8–11). Further, Tapia argues that the statute should be interpreted to require

---

[2] This reasoning also applies to Plaintiff's argument that Tapia failed to properly serve ILYKIT with the Notice of Removal, and thus ILYKIT could not have consented to removal. Even if this were true, ILYKIT filed its consent to removal on November 11, 2022, days after Tapia filed his Notice of Removal.

only those relevant pleadings served upon the removing defendant to be included in the notice of removal. (*Id.* 11–12).

Regardless of whether we read the statute to require a removing defendant to include every filing, pleading, or order filed within the state court, as Plaintiff suggests, or only those served upon the removing defendant, as Tapia contends, failure to do so is a "*de minimis* procedural defect" that is curable "even after expiration of the thirty-day removal period." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citing *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011) (quotation marks omitted). In other words, Tapia's failure to attach some filings or pleadings from the state court suit is a *de minimis* procedural defect that "d[oes] not necessitate remand of the case to state court." *Countryman*, 639 F.3d at 1272.

### C. Complete Diversity & Plaintiff's First Amended Complaint

Finally, Plaintiff contends that its First Amended Complaint—which Plaintiff asserts the state court would have granted—defeated diversity. Specifically, Plaintiff requests that this Court treat the First Amended Complaint as the operative complaint for considering whether complete diversity existed, even though Plaintiff had not filed the First Amended Complaint in state court.

Plaintiff's argument fails for two reasons. First, Plaintiff acknowledges that its motion for leave to file an amended complaint was filed on October 7, 2022—more than two weeks before Tapia had been properly served. (*See* Mot. Remand 8:25–27). In other words, Tapia did not have an opportunity to object to Plaintiff's motion for leave to file an amended complaint before Tapia filed the Notice of Removal.

Second, Plaintiff's motion for leave to file an amended complaint was pending; as such, the First Amended Complaint had not been filed at the time Tapia removed to this Court. (*Id.* 8:27). It is well established that diversity is determined at the time of removal. *See, e.g.*, *Miller*

*v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (noting that "when an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court") (citations omitted); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (holding that complete diversity of citizenship "is determined (and must exist) as of the time the complaint is filed and removal is effected"); *Price v. AMCO Ins. Co.*, No. 17-cv-01053, 2017 WL 4511062, at *2 (E.D. Cal. Oct. 10, 2017) ("[D]iversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal."). Despite clear precedent, Plaintiff requests that the Court circumvent this rule and consider the citizenship of individuals who were not parties to the case at the time of removal. The Court declines to consider the citizenship of additional defendants named in the proposed First Amended Complaint when determining whether complete diversity of citizenship existed at the time of removal. Accordingly, the Court finds that complete diversity existed when Tapia removed the case to federal court.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 5), is **DENIED.**

**IT IS FURTHER ORERED** that Plaintiff's Motion for Order Shortening Time on Motion for Remand, (ECF No. 6), is **DENIED as moot**.

**DATED** this __31__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT