1  P. Sterling Kerr, Esq.
   Nevada Bar No. 3978
2  George E. Robinson, Esq.
   Nevada Bar No. 9667
3  KERR SIMPSON ATTORNEYS AT LAW
   2900 W. Horizon Ridge Parkway, Suite 200
4  Henderson, NV 89052
   Phone: 702.451.2055
5  Fax: 702.451.2077
   sterling@kerrsimpsonlaw.com
6  george@kerrsimpsonlaw.com

7  Lars K. Evensen, Esq.
   Nevada Bar No. 8061
8  Jenapher Lin, Esq.
   Nevada Bar No. 14233
9  HOLLAND & HART LLP
   9555 Hillwood Drive, 2nd Floor
10 Las Vegas, NV 89134
   Phone: 702.669.4600
11 Fax: 702.669.4650
   lkevensen@hollandhart.com
12 jlin@hollandhart.com

13 *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

14

15 INTERNATIONAL MARKETS LIVE INC.,        Case No.: 2:22-cv-01863-GMN-BNW
   a New York corporation dba IM MASTERY
16 ACADEMY,                                **STIPULATION AND ORDER**
                                           **REGARDING JOINDER TO**
17              Plaintiff,                  **STIPULATED PROTECTIVE ORDER**
                                           **REGARDING CONFIDENTIALITY**
18 v.                                       **(SECOND)**

19 DAVID IMONITIE an individual; SPELA
   SLUGA, an individual; DEVON ROESER, an
20 individual; IVAN TAPIA, an individual;
   NVISIONU, INC., a Delaware corporation;
21 ILYKIT, LLC, a Utah limited liability
   company, LUCAS LONGMIRE, an
22 individual; NATHAN SAMUEL, an
   individual; MICHAEL ZHOR, an individual;
23 IMRAN RICHIE, an individual; JUSTIN
   OWENS, an individual; PAULO
24 CAVALLERI, an individual; JOSE MIGUEL
   CONTREAS, an individual; BASS GRANT,
25 an individual; ANGELA CRUISHANK, an
   individual; JEFF CRUISHANK, an
26 individual; VINCE MURPHY, an individual;
   GARY MCSWEEN, an individual;
27 KATRINA WORGESS, an individual; LUIS
   RONALDO HARNANDEZ ARRIAGA, an
28 individual; STEPHANIA AYO, an individual;

*(left margin)* HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1

SILVIA AYO, an individual; CATALINA VASQUEZ, an individual; MATHIAS VASQUEZ, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS I through X, inclusive,

Defendants.

AND ALL RELATED MATTERS.

Plaintiff INTERNATIONAL MARKETS LIVE INC., dba IM MASTERY ACADEMY ("IML" or "Plaintiff"), and Defendants DAVID IMONITIE, SPELA SLUGA, DEVON ROESER, IVAN TAPIA, NVISIONU, INC., BASS GRANT, LUCAS LONGMIRE, VINCE MURPHY, ILYKIT, LLC, ANGELA CRUICKSHANK, JEFF CRUICKSHANK, and JUSTIN OWENS (collectively, as the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree that the handling of confidential material by Defendants ANGELA CRUICKSHANK, JEFF CRUICKSHANK, and JUSTIN OWENS in the above-captioned matter shall likewise be governed by the provisions set forth in the Stipulated Protective Order regarding Confidentiality, dated October 7, 2022, . . .

/ / /

/ / /

/ / /

/ / /

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1

2   . . . a copy of which is attached hereto as **Exhibit 1**.

3          DATED this 21st day of June 2023.

4   HOLLAND & HART LLP                          SLIGHTING LAW

5   */s/ Lars K. Evensen*                       */s/ Christopher Wellman*

6   Lars K. Evensen, Esq.                       Bradley S. Slighting, Esq. (NBN 10225)
    Jenapher Lin, Esq.                          1707 Village Center Cir., #100
    9555 Hillwood Drive, 2nd Floor              Las Vegas, NV 89134
7   Las Vegas, NV 89134                         Telephone: (702) 232-2543
                                                Email: brad@slightinglaw.com
8   KERR SIMPSON ATTORNEYS AT LAW
    P. Sterling Kerr, Esq.                      Christopher Wellman (*pro hac vice*)
9   George E. Robinson, Esq.                    California Bar No. 304700
    2900 W. Horizon Ridge Parkway, Suite 200    WELLMAN & WARREN LLP
10  Henderson, NV 89052                         24411 Ridge Route, Suite 200
                                                Laguna Hills, CA 92653
11  *Attorneys for Plaintiff/Counterdefendant*  Tel: (949) 580-3737
    *International Markets Live, Inc. and*       cwellman@w-wlaw.com
12  *Counterdefendant Christopher Terry*
                                                *Attorneys for Defendants DAVID IMONITIE;*
13                                              *SPELA SLUGA; DEVON ROESER;*
                                                *NVISIONU, INC., Bass Grant, Lucas*
14                                              *Longmire, Vince Murphy*

15  THOMPSON BURTON, PLLC                       SLIGHTING LAW

16                                              */s/ Justin L. James*

17  JON E. FIELD, ESQ.                          Bradley S. Slighting, Esq. (NBN 10225)
    Nevada Bar No. 7700
18  One Franklin Park                           Justin L. James (*pro hac vice*)
    6100 Tower Circle Suite 200                 Utah Bar No. 15167
19  Franklin, Tennessee 37067                   James Dodge Russell & Stephens PC
    Tele: (615) 465-6000                        10 West Broadway, Suite 400
20  Email: jfield@thompsonburton.com            Salt Lake City, UT 84101
                                                801.363.6363
21  *Attorney for Defendant ILYKIT, LLC*        jjames@jdrslaw.com

22                                              *Attorneys for Defendants Ivan Tapia, Angela*
                                                *Cruickshank, Jeff Cruickshank, and Justin*
23                                              *Owens*

24
                                                **IT IS SO ORDERED:**
25

26                                              UNITED STATES MAGISTRATE JUDGE

27                                              DATED:   June 22, 2023
28

3

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June 2023, a true and correct copy of the foregoing **STIPULATION AND ORDER REGARDING JOINDER TO STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY (SECOND)** was served by the following method(s):

☑   Electronic:  by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Bradley S. Slighting (10225)
SLIGHTING LAW
1707 Village Center Cir, Ste 100
Las Vegas, NV 89134
Tel: (702) 840-3749
brad@slightinglaw.com

Bradley S. Slighting (10225)
SLIGHTING LAW
1707 Village Center Cir, Ste 100
Las Vegas, NV 89134
Tel: (702) 840-3749
brad@slightinglaw.com

Christopher Wellman (*pro hac vice*)
California Bar No. 304700
WELLMAN & WARREN LLP
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
cwellman@w-wlaw.com

Justin L. James (*pro hac vice*)
Utah Bar No. 15167
James Dodge Russell & Stephens PC
10 West Broadway, Suite 400
Salt Lake City, UT 84101
801.363.6363
jjames@jdrslaw.com

*Attorneys for Defendants
David Imonitie; Spela Sluga;
Devon Roeser; Nvisionu, Inc., Bass Grant,
Lucas Longmire, Vince Murphy*

*Attorneys for Defendants Ivan Tapia,
Angela Cruickshank, Jeff
Cruickshank, and Justin Owens*

Jon E. Field, Esq.
THOMPSON BURTON, PLLC
One Franklin Park
6100 Tower Circle Suite 200
Franklin, Tennessee 37067
Tele: (615) 465-6000
Email: jfield@thompsonburton.com

Nathan Samuel
Pro Se litigant
1874 Brooks Dr NW
Atlanta, GA 30318
Email:
Nathanmorehouse171@gmail.com
Tel: 516.282.5246

*Attorney for Defendant ILYKIT, LLC*

/s/ Brenda Schroeder
An Employee of Holland & Hart LLP

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

4

Electronically Filed
10/07/2022 2:46 PM

*[signature]*

CLERK OF THE COURT

**SPO**
P. Sterling Kerr, Esq.
Nevada Bar No. 3978
George E. Robinson, Esq.
Nevada Bar No. 9667
KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Phone: 702.451.2055
Fax: 702.451.2077
sterling@kerrsimpsonlaw.com
george@kerrsimpsonlaw.com

Lars K. Evensen, Esq.
Nevada Bar No. 8061
Jenapher Lin, Esq.
Nevada Bar No. 14233
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
lkevensen@hollandhart.com
jlin@hollandhart.com

*Attorneys for Plaintiff*

*HOLLAND & HART LLP*
*9555 HILLWOOD DRIVE, 2ND FLOOR*
*LAS VEGAS, NV 89134*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE INC., a New York corporation dba IM MASTERY ACADEMY, | Case No.  A-22-854783-B<br>Dept. No.  XVI |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | **REGARDING CONFIDENTIALITY** |
| DAVID IMONITIE an individual; SPELA SLUGA, an individual; DEVON ROESER, an individual; IVAN TAPIA, an individual; NVISIONU, INC., a Delaware corporation; ILYKIT, LLC, a Utah limited liability company, | |
| Defendants. | |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff INTERNATIONAL MARKETS LIVE INC., dba IM MASTERY ACADEMY ("IML"), and Defendants DAVID IMONITIE, SPELA SLUGA, DEVON ROESER, and NVISIONU, INC. ("Defendants" and collectively, with IML, as the "Parties"), by and through their respective counsel

1

of record, that the handling of confidential material in these proceedings shall be governed by the provisions set forth below as follows (the "Protective Order"):

1. **Applicability of this Protective Order**:  This Protective Order does not and will not govern pretrial disclosures of exhibits and witnesses under NRCP 26(a)(3), the pretrial order, and trial in this action, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Nevada Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "***Discovery Material***"), which, except as otherwise provided herein, shall be used solely for purposes of this action.  As used herein, "***Producing Party***" or "***Disclosing Party***" shall refer to the parties in this action that give testimony or produce documents or other information as well as to non-parties who have expressly agreed in writing to be bound by the terms of this Order; "***Receiving Party***" shall refer to the parties in this action that receive such information, and "***Authorized Recipient***" shall refer to any person or entity authorized by Sections 10 and 11 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2. **Designation of Information**:  Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public confidential information as defined in Sections 4 and 5 below.

3. **Exercise of Restraint and Care in Designating Material for Protection**:  Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate or routinized designations are prohibited.  The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4. **Confidential Information**: For purposes of this Protective Order, "Confidential Information" means any information that constitutes, reflects, or discloses trade secrets, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

5. **Highly Confidential Information**: For purposes of this Protective Order, "Highly Confidential Information" is any Confidential Information, as defined in Section 4, that also includes extremely sensitive, highly confidential, non-public information constituting a trade secret as defined in NRS 600A.030(5) or 18 U.S.C. § 1839(3) and the disclosure of such information would create a substantial risk of competitive or business injury to the Producing Party.

6. **Designating Confidential Information or Highly Confidential Information**. If any party in this action determines in good faith and in accordance with Section 3 above that any documents, things, or responses produced in the course of discovery in this action should be designated as Confidential Information or Highly Confidential Information it shall advise any party who has received such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the designating party and treated as such by all parties. A designating party may inform another party

that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing.  If Confidential Information or Highly Confidential Information is produced via an electronic form on a computer readable medium (*e.g.*, DVD-ROM), other digital storage medium, or via Internet transmission, the Producing Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION."  Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Sections 4 and 5 herein.

7.     **Redaction Allowed**: Any Producing Party may redact from the Discovery Material it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure.  Any Producing Party also may redact information that is both personal and non-responsive, such as a social security number.  A Producing Party may not redact information in an otherwise responsive document solely because the Producing Party believes that the information is non-responsive.  Nor shall a Producing Party withhold non-privileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information.  The Producing Party shall mark each Discovery Material where matter has been redacted with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e.g.*, "REDACTED—Work Product").  All documents that have been redacted shall be listed in a redaction log produced in conformity with Nevada law and the Nevada Rules of Civil Procedure.  Where a document consists of more than one page, the page on which information has been redacted shall so be marked.  The Producing Party shall preserve an unredacted version of each such document.

8.     **Use of Confidential Information or Highly Confidential Information**.  Except as provided herein, Confidential Information and Highly Confidential Information designated or marked as provided herein shall be used solely for the purposes of this action, shall not be disclosed to anyone other than those persons identified herein in Sections 10 and 11, and shall be handled in

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1  such manner until such designation is removed by the designating party or by order of the Court.

2  Nothing in this Protective Order shall preclude a party or other person from using his, her, or its own

3  Confidential Information or Highly Confidential Information or from giving others his, her, or its

4  Confidential Information or Highly Confidential Information.

5          Once the Court enters this Protective Order, a party shall have thirty (30) days to designate

6  as Confidential or Highly Confidential any documents previously produced in this action, which it

7  can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, or

8  informing the other parties of the Bates-numbers of the documents so designated.

9          9.    **Use of Confidential Information and Highly Confidential Information in**

10  **Depositions**.    Counsel for any party shall have the right to disclose Confidential or Highly

11  Confidential Information at depositions, provided that such disclosure is consistent with this

12  Protective Order, including Sections 10 and 11.  Any counsel of record may request that all persons

13  not entitled under Sections 10 or 11 of this Protective Order to have access to Confidential

14  Information or Highly Confidential Information leave the deposition room during the confidential

15  portion of the deposition.  Failure of such other persons to comply with a request to leave the

16  deposition shall constitute substantial justification for counsel to advise the witness that the witness

17  need not answer the question where the answer would disclose Confidential Information or Highly

18  Confidential Information.  However, nothing in this Order shall preclude a party or its attorneys

19  from: (1) showing a document designated as Confidential or Highly Confidential to an individual

20  who prepared part or all of the document, who has previously reviewed the document, or who is

21  shown by the document to have received it, or (2) examining during a deposition any person

22  currently employed by a party or retained as an expert by a party concerning any Discovery Materials

23  designated by that party as Confidential or Highly Confidential, which use shall not otherwise affect

24  the status and treatment of such Confidential or Highly Confidential Information.  Additionally, at

25  any deposition session, counsel to any party (or non-party subject to this Protective Order) may

26  designate portions of a deposition transcript and/or video of any deposition (or any other testimony)

27  as containing Confidential or Highly Confidential Information in accordance with this Order by a

28  statement on the record during the deposition or by notifying all other parties in writing within

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

5

fourteen (14) calendar days of receiving the official transcript or video that it contains Confidential and/or Highly Confidential Information.  Counsel must follow up in writing within thirty (30) calendar days of receiving the official transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential or Highly Confidential Information.  If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered non-confidential.  If a deposition is designated as Confidential or Highly Confidential by a statement on the record during the deposition, then during the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential Information if so designated).  If a deposition is not designated as Confidential or Highly Confidential by a statement on the record during the deposition, the entire transcript and video shall be treated (i) as Highly Confidential Information through the end of the 14 (fourteen) day period for designation by written notice and (ii) thereafter during the 30 (thirty) day period as Confidential Information or Highly Confidential Information if so designated.  All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be requested to be filed under seal in accordance with SRCR 3.  Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within thirty calendar (30) days of receiving the official transcript.  Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6.  The provisions set forth in Section 17 shall govern resolution of disputes over confidentiality designations regarding deposition transcripts.

10.  **Persons Authorized to Receive Confidential Information**.  Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, court personnel, and to the persons below:

a)  A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

b) Counsel for a party and its affiliates (including in-house attorneys, outside attorneys, and paralegal, clerical, litigation support staff, and secretarial staff employed by such counsel);

c) An entity retained by a party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees;

d) Outside experts or consultants (together with their support staff) retained by a party to assist in the prosecution, defense, or settlement of this action, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action;

e) Court reporter(s) or videographers(s) employed in this action;

f) A witness at any deposition or other proceeding in this action (1) to whom Confidential may be provided as set forth in Section 8 or (2) to whom the Producing Party agrees may be shown certain Discovery Materials designated as Confidential Information;

g) Any ESI vendor, translator(s), or interpreter(s) employed in this action;

h) Any other person as to whom the parties in writing agree or that the Court in these proceedings designates; and

i) Jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who (i) are supervised by such consultants; (ii) are not affiliated with any party to this case or their direct competitor; (iii) agree in writing to be bound by confidentiality; and (iv) are not themselves given custody of any Confidential Information, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), (e), (f), (g), (h), or (i) above shall be advised that the Confidential Information is being

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.   Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g), (h), or (i) of this Section shall also be required to execute a copy of the form **Exhibit A**.   The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information.   No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A.   If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information may seek an order from the Court directing that the person be bound by this Protective Order.   In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue.   Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties if ordered to do so by the Court.

11.     **Persons Authorized to Receive Highly Confidential Information**.   "HIGHLY CONFIDENTIAL" documents and information may be used only in connection with this case and may be disclosed only to the Court, court personnel, and the persons listed in sub-sections (b) to (i) of Section 10 above, but shall not be disclosed to a party, or an employee of a party (other than in-house counsel for a party), unless otherwise agreed or ordered.   Any person to whom Highly Confidential Information is disclosed pursuant to sub-sections (c), (d), (g), (h), or (i) of Section 10 above shall also be required to execute a copy of the form Exhibit A, and shall be subject to the requirements in the preceding paragraph.

12.     **Filing of Confidential Information or Highly Confidential Information with the Court**.   Any party seeking to file or disclose materials designated as Confidential Information or Highly Confidential Information with the Court in this action must, concurrently with or prior to any such filing, seek leave to file such Confidential Information or Highly Confidential Information under seal in accordance with SRCR 3.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

13.    **Notice to Non-Parties**.  Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.  Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order.

14.    **Knowledge of Unauthorized Use or Possession**.  If a party receiving Confidential Information or Highly Confidential Information learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information or Highly Confidential Information.  The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure, shall make all reasonable efforts to retrieve the improperly disclosed information and to prevent further disclosure by each unauthorized person who received such information.  With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

15.    **Copies, Summaries or Abstracts**.  Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order.    Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information. This Order shall not bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and referring to or relying generally upon his or her examination of Discovery Material designated as Confidential or Highly Confidential, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Discovery Material contrary to the terms of this Order.

16. **Information Not Confidential**.  The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

    a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

    b) Were obtained without any benefit or use of Confidential Information or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

    c) Were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential Information or Highly Confidential Information;

    d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

    e) Under law, have been declared to be in the public domain.

17. **Challenges to Designations**.  Any party may object to the designation of Confidential Information or Highly Confidential Information on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Producing Party, specifying the item(s) by Bates number.  The parties shall attempt to resolve each challenge in good faith through a meet and confer (as set forth in NRCP 26(c)(1) and EDCR 2.34(d)) to be initiated by the Producing Party within fourteen (14) days of the date of service of the notice.  If the parties cannot resolve a challenge without court intervention, the Producing Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by the Producing Party to make such a motion (including the declaration required under NRCP 26(c)(1) and EDCR 2.34(d) within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

the confidentiality designation for each challenged designation.  The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  Unless the Producing Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the motion.

18. **Use in Court**.  If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

19. **No Waiver**.  This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial.  Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.  Entry of this Protective Order does not preclude any party from seeking or opposing additional protection for particular information.

20. **Reservation of Rights**.  The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a party designates or marks as containing Confidential Information or Highly Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law.  This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action.  In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may

1  have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or

2  ethical rule.

3    21.  **Inadvertent Failure to Designate**.  The inadvertent failure to designate

4  information produced in discovery as Confidential or Highly Confidential shall not be deemed, by

5  itself, to be a waiver of the right to so designate such discovery materials as Confidential Information

6  or Highly Confidential Information.  Within a reasonable time of learning of any such inadvertent

7  failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such

8  other steps as necessary to correct such failure after becoming aware of it.  Disclosure of such

9  discovery materials to any other person prior to later designation of the discovery materials in

10  accordance with this Section shall not violate the terms of this Protective Order.  However,

11  immediately upon being notified of an inadvertent failure to designate, all parties shall treat such

12  information as though properly designated and take any actions necessary to prevent any

13  unauthorized disclosure subject to the provisions of Section 14, including seeking retrieval or

14  destruction of any copies distributed to unauthorized individuals, and destroying copies of

15  documents that have been replaced with the proper designation.

16    22.  **No Waiver of Privilege**: Inadvertent disclosure (including production) of

17  information that a party or non-party later claims should not have been disclosed because of a

18  privilege, including, but not limited to, the attorney-client privilege or work product doctrine

19  ("***Privileged Information***"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-

20  client privilege, attorney work product, or other ground for withholding production as to which the

21  Disclosing or Producing Party would be entitled in the action.  Promptly upon learning of the

22  inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the

23  inadvertent production and request return, sequestration, or destruction of documents.

24    23.  **Effect of Disclosure of Privileged Information**: The Receiving Party hereby

25  agrees to return, sequester, or destroy any Privileged Information disclosed or produced by

26  Disclosing or Producing Party upon request; but doing so shall not preclude the Receiving Party

27  from seeking to compel production of those materials, nor constitute an admission that the materials

28  were, in fact, privileged, and the Producing Party must preserve any such documents.  If the

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1    Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or

2    produced to it, it shall promptly notify the Disclosing or Producing Party and sequester such

3    information until instructions as to disposition are received.

4          24.    **Inadvertent Production of Non-Discoverable Documents**.  If a Producing Party

5    inadvertently produces a document that contains no discoverable information, the Producing Party

6    may request in writing that the Receiving Party return the document, and the Receiving Party will

7    return the document.  A Producing Party may not request the return of a document pursuant to this

8    paragraph if the document contains any discoverable information.  If a Producing Party inadvertently

9    fails to redact personal information (for example, a social security number), the Producing Party may

10   provide the Receiving Party a substitute version of the document that redacts the personal

11   information, and the Receiving Party shall destroy or return the original, unredacted document to

12   the Producing Party.

13         25.    **Return of Information**.  Within thirty (30) calendar days after the final disposition

14   of this action, all Confidential or Highly Confidential Discovery Material produced by an opposing

15   party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part

16   of discovery in this action shall be destroyed by the parties to whom the Confidential or Highly

17   Confidential Discovery Material was produced, and each counsel shall, by declaration delivered to

18   all counsel for the Producing Party, affirm that all such Confidential or Highly Confidential

19   Discovery Material (including, without limitation, any copies, extracts or summaries thereof) has

20   been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions

21   and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes,

22   or documents reflecting attorney work product or consultant or expert work product, even if such

23   material contains or refers to Confidential or Highly Confidential Discovery Material, but only to

24   the extent necessary to preserve a litigation file with respect to this action.

25         26.    **Attorney's Fees**.  Nothing in this Protective Order is intended to either expand or

26   limit a prevailing Party's right under the Nevada Rules of Civil Procedure or other applicable state

27   or federal law to pursue costs and attorney's fees incurred related to confidentiality designations or

28   the abuse of the process described herein.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

27. **Injunctive Relief Available**.  Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information.

28. **Other Actions and Proceedings**.  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential or Highly Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by email or mail to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  The burden of opposing enforcement of the subpoena shall fall upon the party or non-party who produced or designated the Discovery Material as Confidential Information or Highly Confidential Information.  The party receiving the subpoena shall not produce any documents in response to the subpoena until the party whose Discovery Material was produced in this case has reasonable time to seek court protection from such production in response to the subpoena in the action or proceeding.

29. **Execution in Counterparts**.  This Protective Order may be executed in any number of duplicate originals, each of which is deemed an original, and in any number of counterparts, each of which is deemed an original, and all of which together constitute a fully executed agreement (even though all signatures may not appear on the same document).  A signed copy of this Protective Order delivered by facsimile, portable document format (.pdf), or other means of electronic transmission is deemed to have the same legal force and effect as delivery of an original ink signed copy of this Protective Order.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1

   30. **Order Survives Termination**.  This Protective Order shall survive the termination

2

of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

3

information disclosed hereunder.

4

   DATED this 6th day of October 2022.

5

**HOLLAND & HART LLP**        **SLIGHTING LAW**

6

/s/ *Lars K. Evensen*          /s/ *Bradley S. Slighting*

7

Lars K. Evensen, Esq.         Bradley S. Slighting (NBN 10225)
Jenapher Lin, Esq.           1707 Village Center Cir, Ste 100

8

9555 Hillwood Drive, 2nd Floor     Las Vegas, NV 89134
Las Vegas, NV 89134        Tel: (702) 840-3749

9

                 brad@slightinglaw.com
KERR SIMPSON ATTORNEYS AT LAW

10

P. Sterling Kerr, Esq.         Scott Wellman (*pro hac vice forthcoming*)
George E. Robinson, Esq.        Chris Wellman (*pro hac vice forthcoming*)

11

2900 W. Horizon Ridge Parkway, Suite 200  WELLMAN & WARREN LLP
Henderson, NV 89052        24411 Ridge Route, Suite 200

12

                 Laguna Hills, CA 92653
*Attorneys for Plaintiff*        Tel: (949) 580-3737

13

                 swellman@w-wlaw.com
                 cwellman@w-wlaw.com

14

15

                 *Attorneys for Defendants*
                 *DAVID IMONITIE; SPELA SLUGA;*
                 *DEVON ROESER; NVISIONU, INC.*

16

            **ORDER**

17

**IT IS SO ORDERED.**

18

   DATED this ___ day of _____2022.

19

20

             **Dated this 7th day of October, 2022**

21

             **DISTRICT COURT JUDGE**  LB

22

             **46B 411 85E1 C702**
             **Timothy C. Williams**

23

             **District Court Judge**

24

25

26

27

28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury under the law of the State of Nevada, as follows:

1.     I have read the Protective Order regarding Confidentiality ("the Protective Order") entered in *International Markets Live Inc. v. David Imonitie et al.*, case no. A-22-854783-B, in the Eighth Judicial District Court of the State of Nevada, on _____ ___, 202_, and I fully understand its contents.

2.     I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the Eighth Judicial District Court of the State of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3.     I understand that by signing this instrument, I will be eligible to receive "Confidential Information" or "Highly Confidential Information" under the terms and conditions of the Protective Order.  I further understand and agree that I must treat any "Confidential Information" or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____ ___, 202__.                    _____
                                                      (Signature)

                                                      _____
                                                      (Printed Name)

                                                      _____

                                                      _____
                                                      (Address)

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

| From: | Bradley Slighting <brad@slightinglaw.com> |
|---|---|
| Sent: | Thursday, October 6, 2022 4:43 PM |
| To: | Jenapher Lin; Chris Wellman; Scott Wellman; Cynthia English |
| Cc: | Lars Evensen; george@kerrsimpsonlaw.com; sterling@kerrsimpsonlaw.com; Cynthia English |
| Subject: | RE: IML v Imonitie et al (A-22-854783-B) - SPO & ESI Protocols |

**External Email**

You may affix my e-signature on the SPO. Thank you.



**SLIGHTING LAW** | **Bradley S. Slighting**
Attorney

1707 Village Center Cir, Ste 100, Las Vegas, NV 89134
D: (702) 847-5061 | M: (702) 232-2543 | F: (702) 840-3749
brad@slightinglaw.com

 | **Of Counsel**

---

**From:** Jenapher Lin <JLin@hollandhart.com>
**Sent:** Thursday, October 6, 2022 4:41 PM
**To:** Chris Wellman <cwellman@w-wlaw.com>; Scott Wellman <swellman@w-wlaw.com>; Cynthia English <cenglish@w-wlaw.com>; Bradley Slighting <brad@slightinglaw.com>
**Cc:** Lars Evensen <LKEvensen@hollandhart.com>; george@kerrsimpsonlaw.com; sterling@kerrsimpsonlaw.com; Cynthia English <cenglish@w-wlaw.com>
**Subject:** RE: IML v Imonitie et al (A-22-854783-B) - SPO & ESI Protocols

Mr. Slighting—as you are local counsel, can you please confirm we may affix your e-signature to the SPO attached for finalization and submission to the Court?

Jenapher Lin
Associate, Holland & Hart LLP
9555 Hillwood Drive, Second Floor, Las Vegas, NV 89134
T 702.222.2571 F 702.823.0229

**HOLLAND&HART**


CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

---

**From:** Chris Wellman <cwellman@w-wlaw.com>
**Sent:** Thursday, October 6, 2022 3:33 PM
**To:** Scott Wellman <swellman@w-wlaw.com>; Cynthia English <cenglish@w-wlaw.com>; Jenapher Lin

<JLin@hollandhart.com>; brad@slightinglaw.com
**Cc:** Lars Evensen <LKEvensen@hollandhart.com>; george@kerrsimpsonlaw.com; sterling@kerrsimpsonlaw.com; Cynthia English <cenglish@w-wlaw.com>
**Subject:** Re: IML v Imonitie et al (A-22-854783-B) - SPO & ESI Protocols

<span style="background-color: yellow">**External Email**</span>

Jenapher,

My name is Chris, and I will be assisting in this matter for the defendants Imonite, Sluga, Roeser, and NVision U. Please include me on all further correspondences.

I reviewed the protective order and have no changes. However, the ESI order is very unnecessary and would create a burden to both sides. Thus, at this time we will not execute that agreement. With respect to the protective order, you are authorized to use my electronic signature for filing.

████████████████████████████████████████.

Chris Wellman

Attorney at Law

Wellman & Warren, LLP

24411 Ridge Route Drive, Suite 200

Laguna Hills, CA 92653

P: (949) 580-3737

F: (949) 580-3738



***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited.  If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 949-580-3737.  Thank you.

**From:** Scott Wellman <swellman@w-wlaw.com>
**Sent:** Tuesday, October 4, 2022 7:24 PM
**To:** Chris Wellman <cwellman@w-wlaw.com>; Cynthia English <cenglish@w-wlaw.com>
**Subject:** Fwd: IML v Imonitie et al (A-22-854783-B) - SPO & ESI Protocols

Get Outlook for iOS

---

**From:** Jenapher Lin <JLin@hollandhart.com>
**Sent:** Tuesday, October 4, 2022 6:16:49 PM
**To:** Scott Wellman <swellman@w-wlaw.com>; brad@slightinglaw.com <brad@slightinglaw.com>
**Cc:** Lars Evensen <LKEvensen@hollandhart.com>; George Robinson <george@kerrsimpsonlaw.com>; Sterling Kerr <sterling@kerrsimpsonlaw.com>
**Subject:** IML v Imonitie et al (A-22-854783-B) - SPO & ESI Protocols

Counsel,

Attached, please find for your review/approval drafts of our proposed (1) Stipulated Protective Order regarding Confidentiality and (2) SAO regarding Protocol Governing Production of ESI in the above-referenced matter.  Please provide any proposed edits/comments you may have and/or, if otherwise acceptable, please respond with authorization to affix your e-signature on each of the attached for finalization and submission to the Court.  Thank you.

Sincerely,
Jenapher



Jenapher Lin
Associate, Holland & Hart LLP
9555 Hillwood Drive, Second Floor, Las Vegas, NV 89134
T 702.222.2571 F 702.823.0229

**HOLLAND&HART**

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

CAUTION: This email originated from outside of the company. Do not click links or open attachments unless you recognize the sender and know the content is safe. NEVER enter your email address and password if requested by any website.

3

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| International Markets Inc, Plaintiff(s) | CASE NO: A-22-854783-B |
| vs. | DEPT. NO.  Department 16 |
| David Imonitie, Defendant(s) | |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulated Protective Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 10/7/2022

| | |
|---|---|
| Valerie Larsen | vllarsen@hollandhart.com |
| Lisa Peters | lisa@kerrsimpsonlaw.com |
| Jennifer Hogan | jennifer@kerrsimpsonlaw.com |
| George Robinson | george@kerrsimpsonlaw.com |
| Sterling Kerr | sterling@kerrsimpsonlaw.com |
| Lars Evensen | lkevensen@hollandhart.com |
| Breana Talley | breana@kerrsimpsonlaw.com |
| Jenapher Lin | jlin@hollandhart.com |
| Brenda Schroeder | blschroeder@hollandhart.com |
| Bradley Slighting | brad@slightinglaw.com |
| Cynthia English | cenglish@w-wlaw.com |

Scott Wellman                     swellman@w-wlaw.com

Jon Field                         jfield@thompsonburton.com