1 | P. Sterling Kerr, Esq.
Nevada Bar No. 3978
2 | George E. Robinson, Esq.
Nevada Bar No. 9667
3 | KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200
4 | Henderson, NV 89052
Phone: 702.451.2055
5 | Fax: 702.451.2077
sterling@kerrsimpsonlaw.com
6 | george@kerrsimpsonlaw.com

7 | Lars K. Evensen, Esq.
Nevada Bar No. 8061
8 | Jenapher Lin, Esq.
Nevada Bar No. 14233
9 | HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
10 | Las Vegas, NV 89134
Phone: 702.669.4600
11 | Fax: 702.669.4650
lkevensen@hollandhart.com
12 | jlin@hollandhart.com

13 | *Attorneys for Plaintiff/Counterdefendant*
*International Markets Live, Inc. and*
14 | *Counterdefendant Christopher Terry*

15 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
16

17 | INTERNATIONAL MARKETS LIVE INC., | Case No.: 2:22-cv-01863-GMN-BNW
a New York corporation dba IM MASTERY
ACADEMY,
18 | **FIFTH STIPULATED DISCOVERY**
**PLAN AND SCHEDULING ORDER**
19 | Plaintiff,
**SPECIAL SCHEDULING REVIEW**
**REQUESTED**
20 | v.

21 | DAVID IMONITIE an individual; SPELA
SLUGA, an individual; DEVON ROESER, an
22 | individual; IVAN TAPIA, an individual;
NVISIONU, INC., a Delaware corporation;
23 | ILYKIT, LLC, a Utah limited liability
company, LUCAS LONGMIRE, an
24 | individual; NATHAN SAMUEL, an
individual; MICHAEL ZHOR, an individual;
25 | IMRAN RICHIE, an individual; JUSTIN
OWENS, an individual; PAULO
26 | CAVALLERI, an individual; JOSE MIGUEL
CONTREAS, an individual; BASS GRANT,
27 | an individual; ANGELA CRUISHANK, an
individual; JEFF CRUISHANK, an
28 | individual; VINCE MURPHY, an individual;
GARY MCSWEEN, an individual;

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1

KATRINA WORGESS, an individual; LUIS RONALDO HARNANDEZ ARRIAGA, an individual; STEPHANIA AYO, an individual; SILVIA AYO, an individual; CATALINA VASQUEZ, an individual; MATHIAS VASQUEZ, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS I through X, inclusive,

Defendants.

AND ALL RELATED MATTERS.

Plaintiff INTERNATIONAL MARKETS LIVE INC., dba IM MASTERY ACADEMY ("IML" or "Plaintiff"), and Defendants DAVID IMONITIE ("Imonitie"), SPELA SLUGA ("Sluga"), DEVON ROESER ("Roeser"), IVAN TAPIA ("Tapia"), NVISIONU, INC. ("NvisionU"), and ILYKIT, LLC, ("ILYKIT")[1] (collectively, as the "Parties"), by and through their respective undersigned counsel, having conducted their Supplemental Rule 26(f) conference on December 5, 2022 and in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure ("FRCP" or "Rule") and Local Rule 26-1 ("LR"), submitted their Stipulated Discovery Plan and Scheduling Order ("DPSO"), with special scheduling review requested (ECF No. 35), which the Court approved on December 8, 2022 (ECF No. 37).

On February 14, 2023, the existing Parties and subsequently appearing Defendants BASS GRANT, LUCAS LONGMIRE, and VINCE MURPHY, by and through their respective undersigned counsel, conducted their supplemental Rule 26(f) conference and stated and proposed no changes to the then existing DPSO (ECF Nos. 37, 120), which the Court approved on March 6, 2023 (ECF No. 126).

On April 21, 2023, the parties to the Second DPSO (ECF No. 126) and subsequently appearing Counterdefendant CHRISTOPHER TERRY, by and through their respective undersigned counsel, conducted a supplemental Rule 26(f) conference regarding necessary amendments/modifications to the discovery plan/scheduling order in light of Tapia's Counterclaim (ECF No. 44) and Imonitie's Counterclaim (ECF No. 128) and, filed a proposed Third DPSO on

---

[1] **ILYKIT, LLC has been dismissed from this action.  (ECF No. 207).**

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

May 2, 2023 (ECF No. 158), stipulating and agreeing to certain changes to the Second DPSO (ECF No. 126), which the Court approved on May 18, 2023 (ECF No. 177).

On June 19, 2023, the parties to the Third DPSO (ECF No. 177) and subsequently appearing Defendants ANGELA CRUICKSHANK and JEFF CRUICKSHANK (collectively, as the "Cruickshanks") and JUSTIN OWENS ("Owens"), by and through their respective undersigned counsel, conducted a supplemental Rule 26(f) conference regarding necessary amendments/modifications to the discovery plan/scheduling order and, collectively, **filed a proposed Fourth DPSO on June 21, 2023 (ECF No. 205), stipulating and agreeing to certain changes to the Third DPSO (ECF No. 177), which the Court approved on June 22, 2023 (ECF No. 209). A First Amendment/Correction to Fourth DPSO was later entered on June 26, 2023 (ECF Nos. 212, 213) to correct a clerical error/typo.**

**On July 7, 2023, counsel for the respective parties conducted a meet and confer to discuss various discovery disputes and issues. The parties agree that a 60-day extension of the current discovery deadlines is necessary in light of the pending Motion to Stay Discovery (ECF No. 201) filed by the Cruickshanks and Owens and the depositions currently noticed and scheduled. Thus, the parties hereby stipulate/agree and propose the following certain changes to the Fourth DPSO (ECF No. 213)** (*amendments/modifications in bold*)[2]:

I.       **DISCOVERY PLAN**

The following addresses each element of a Discovery Plan and Scheduling Order, a summary of events and dates follows this narrative.

A.       **Rule 26(a) Initial Disclosures.** *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.*

The Parties agree that Initial Disclosures will be due on January 5, 2023, given the holidays.

The parties further agree that with respect to parties served or joined after the Rule 6(f) conference, the time for initial disclosures will be governed by Rule 26(a)(1)(D), which provides

---

[2] The Cruickshanks and Owens do not waive their pending challenge to personal jurisdiction by agreeing to extend discovery deadlines, participating in the supplemental Rule 26(f) conference, or stipulating to joining in the SPO.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1   that "[a] party that is first served or otherwise joined after the Rule 26(f) conference must make the

2   initial disclosures within 30 days after being served or joined, unless a different time is set by

3   stipulation or court order."

4           **B.    Discovery Period; Scope/Extent of Discovery.**  *The subjects on which discovery*
        *may be needed, when discovery should be completed, and whether discovery should*

5        *be conducted in phases or be limited to or focused on particular issues.*

6           In this removed action, the first defendant otherwise appeared on November 4, 2022.  (ECF

7   No. 1).[3]

8           The Parties agree that discovery as to claims and defenses is needed and that 270 days are

9   required for discovery measured from December 5, 2022, the date of the Rule 26(f) Conference:

10  Friday, September 1, 2023.

11          The parties agreed a longer period of discovery – more than 180-days - is needed.  The

12  longer period is needed in light of the pending and anticipated motion practice, issues related to

13  disputed expedited discovery, potential first amended complaint, potential Defendant(s) motion to

14  assert counter-claim(s), as well as the number of defendants and the various states and some

15  witnesses may reside in foreign countries.

16          Upon supplementally conferring, the parties agree that an additional 180 days to the

17  existing deadlines in the Second DPSO (ECF No. 126) is needed in light of the additional 19 claims

18  and party counterdefendant newly added by Tapia's Counterclaim (ECF No. 44) and Imonitie's

19  Counterclaim (ECF No. 128).

20          Based on their supplemental Rule 26(f) conference and subsequent communications, the

21  parties agree that an additional 120 days to the existing deadlines in the Third DPSO is needed (ECF

22  No. 177) in light of these additional parties appearing in this action.  The Cruickshanks and Owens

23  have agreed to the 120 day extension in light of their pending motion to stay discovery.

24          **Based on their meet and confers and discussions, the parties agree that a 60-day**

25  **extension of the current discovery deadlines in the Fourth DPSO (ECF No. 213) is needed given**

26  **the parties' disputed positions as to whether and to what extent the depositions of the**

27  _____

28  [3] Prior to removal, the first defendant answered in the State Court Action (A-22-854783-B) on
    August 31, 2022.  (ECF No. 5-5).

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1  **Cruickshanks and Owens as currently noticed and scheduled may proceed in light of the**

2  **pending Motion to Stay Discovery (ECF No. 201) filed by the Cruickshanks and Owens.**

3      **C.      Amended Pleadings and Adding Parties**

4      As indicated above, Plaintiffs' and Defendants each have indicated they may bring

5  motion(s) to amended and add parties.   There is no stipulation between the parties regarding

6  Plaintiff's prior motion to amend.   The deadline to amend pleadings or add parties, 90-days before

7  the close of discovery, is acceptable to all parties; Monday June 5, 2023.

8      The parties agree to extend the current deadline to amend pleadings and add parties by 180

9  days from June 5, 2023 to November 30, 2023.

10      The parties agree to extend the current deadline to amend pleadings and add parties by 120

11  days from November 30, 2023 to March 29, 2024.

12      *See* **Proposed Deadlines,** *infra*.

13      **D.      Disclosure of Expert(s) Deadline**

14      The parties are agreeable to setting the disclosure of experts 60-days before the close of

15  discovery, which is Monday, July 3, 2023 and rebuttal experts 30-days before the close of discovery,

16  which is Wednesday, August 2, 2023.

17      The parties agree to extend the current expert deadlines by 180 days: for initial expert

18  disclosures from June 7, 2023 to December 29, 2023; and for rebuttal expert disclosures from August

19  8, 2023 to January 29, 2024.

20      The parties agree to extend the current expert deadlines by 120 days: for initial expert

21  disclosures from December 29, 2023 to April 27, 2024; and for rebuttal expert disclosures from

22  January 29, 2024 to May 28, 2024.

23      *See* **Proposed Deadlines,** *infra*.

24      **E.      Dispositive Motion Deadline**

25      The parties are agreeable to setting dispositive motions 30-days after the close of discovery,

26  which is Monday, October 2, 2023.

27      The parties agree to extend the current dispositive motions deadline by 180 days from

28  October 2, 2023 to March 29, 2024.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1   The parties agree to extend the current dispositive motions deadline by 120 days from

2   March 29, 2024 to July 29, 2024.

3   *See* **Proposed Deadlines,** *infra.*

4   **F.      Joint Pre-Trial Order Deadline**

5   The parties are agreeable to the deadline for the join pre-trial order 30-days after the

6   dispositive-motion deadline, which is Wednesday November 1, 2023, and if dispositive motions are

7   filed, the deadline for fling the joint pretrial order will be suspended until 30-days after decision on

8   the dispositive motion or further order of the Court.

9   The parties agree to extend the current Joint Pretrial Order deadline by 180 days from

10  November 2, 2023 to April 29, 2024.

11  The parties agree to extend the current Joint Pretrial Order deadline by 120 days from April

12  29, 2024 to August 27, 2024.

13  *See* **Proposed Deadlines,** *infra.*

14  **G.      Alternative Dispute Resolution**

15  Each Party does hereby certify that they have met and conferred during the December 5,

16  2022, Rule 26(f) conference and discussed the possibility of using the court's alternative dispute

17  resolution process ("ADR") including mediation, arbitration, and if applicable, early neutral

18  evaluation.  Based on these discussions, the Parties mutually decline to participate in ADR at this

19  time, but will continue to evaluate alternative dispute resolution processes on a going forward basis.

20  **H.      Alternative Forms of Case Disposition.**

21  Each Party does hereby certify that they have met and conferred during the December 5,

22  2022, Rule 26(f) conference and discussed the possibility of using a magistrate judge under 28

23  U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-

24  01).  The parties each declined this alternative.

25  **I.      Electronically Stored Information ("ESI").** *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

26

27  IML filed a Motion to Establish ESI Protocol in Furtherance of Expedited Discovery, dated

28  November 18, 2022 (ECF No. 17), which the Magistrate Judge denied without prejudice and directed

6

1   the Parties to meet and confer (ECF No. 25). The Parties met and conferred regarding protocols

2   governing the production of ESI. IML circulated a draft Stipulation and Order Governing Production

3   of ESI. In response, Defendants proposed instead using the U.S. Northern District of California's

4   model stipulated order re discovery of electronically stored information for standard litigation. IML

5   proposed redlines thereto. At the supplemental Rule 26(f) conference, the parties agreed that

6   Defendants will respond to Plaintiff's proposed redlines by May 1, 2023 and if not in agreement

7   therewith shall participate in a supplemental meet and confer regarding the same on May 2, 2023, at

8   10:00 a.m. (PST). The Parties will determine if an ESI protocol can be agreed to, or if motion(s)

9   regarding the same will need to be filed to obtain guidance from the Court.

10          The Parties were unable to come to an agreeable ESI protocol.  As a result, on May 8, 2023,

11   Plaintiff filed its Motion to Establish ESI Protocol in Furtherance of Discovery.  (ECF No. 164).  On

12   May 22, 2023, Defendants filed their Joint Response (ECF No. 181), to which Plaintiff replied on

13   May 26, 2023 (ECF No. 185).  The Motion to Establish ESI Protocol in Furtherance of Discovery is

14   currently pending before the Court for adjudication and is set to be heard on July 18, 2023 at 1:00

15   p.m.

16

17          **J.**      **Privileges; Trial Preparation Materials.**  *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

18

19          Plaintiff and Defendants Imonitie, Sluga, Roeser, and Nvision have entered into a

20   Protective Order Regarding Confidentiality (the "SPO").  (ECF No. 5-7).  Defendants ILYKIT,

21   Tapia, Grant, Longmire, and Murphy have stipulated and joined in the SPO. (ECF Nos. 135, 136).

22   Defendants Angela Cruickshank, Jeff Cruickshank, and Justin Owens have stipulated and agreed to

23   join in the SPO.

24          **K.**      **Limitations on Discovery.**  *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

25

26          There is currently a dispute concerning an order issued by the State District Court regarding

27   an order to show cause. Plaintiff believes the State Court Order is effective. Defendants David

28   Imonitie, Spela Sluga, Devon Roeser, and Nvisionu, Inc. have filed a motion seeking clarity

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1   regarding the State Court Order, which is currently pending before this Court for adjudication.

2   Defendants also filed a motion to vacate order in the state court action, which was denied. (ECF No.

3   116). Depending on the ruling on this order, the Parties may revisit Limitation of Discovery.

4          On May 19, 2023, the Court entered its Order re ECF No. 161, granting in part and denying

5   in part Plaintiff's Motion for Order Setting Number of Depositions Permitted Under FRCP 30(a).

6   (ECF No. 179).  The Court's Order grants Plaintiff's Motion to the extent it seeks to enlarge the

7   number of depositions presumptively allowed with respect to depositions of the named Defendants

8   (ECF No. 179 at 4), but denied the remainder of Plaintiff's Motion without prejudice (ECF No. 179

9   at 2–3).

10

11         **L.     Other Orders.**  *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

12         There are pending issues regarding the ESI Protocol and number of interrogatories that

13   require resolution.

14

15         **M.     Electronic Evidence.**

16         No jury trial demand has been made.

17         Tapia's Counterclaim and Imonitie's Counterclaim respectively demand "a jury for all

18   claims so triable." Plaintiff/Mr. Terry anticipate they will likely present evidence in electronic format

19   to jurors. Defendants also anticipate using evidence in electronic format to the jurors. The parties

20   agree to meet and confer and attempt to reach a mutually agreeable stipulation governing the

21   presentation of electronic evidence, which shall be compatible and in accordance with the court's

22   electronic jury evidence display system and any applicable rules/guidelines/instructions thereby.

23   **II.    SCHEDULING ORDER**

24         **FRCP 26(f); LR 26-1(b)**          **Current Deadlines**          **Proposed Deadlines**

25         **Discovery Cut-Off Date:**          06/28/2024                    **08/27/2024**
           Unless the court orders otherwise,
26         discovery periods longer than 180
           days from the date the first
27         defendant answers or appears will
           require special scheduling review
28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

| | | |
|---|---|---|
| **Amending Pleadings & Adding Parties:** Unless the discovery plan otherwise provides and the court so orders, the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery | 03/29/2024 | **05/29/2024** |
| **FRCP 26(a)(2) Initial Expert Disclosures:** Unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made 60 days before the discovery cut-off date | 04/27/2024 | **06/28/2024** |
| **FRCP 26(a)(2) Rebuttal Expert Disclosures:** Unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that rebuttal-expert disclosures be made 30 days after the initial disclosure of experts | 05/28/2024 | **07/29/2024** |
| **Interim Status Report:** 60 days before the discovery cutoff as required by LR 26–3 | 04/27/2024 | **06/28/2024** |
| **Dispositive Motions:** Unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date | 07/29/2024 | **09/26/2024** |
| **Joint Pretrial Order:** Unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order | 08/27/2024 | **10/28/2024** |
| **FRCP 26(a)(3) Disclosures.** | 08/27/2024 | **10/28/2024** |

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order;

1) **Later Appearing Parties**. A copy of this DPSO will be served on any person served after this DPSO is entered by the Court, or if an additional party appears, within five (5) days of their first appearance. This DPSO will apply to later-appearing parties, unless the Court, on a motion and for good cause shown, orders otherwise.

2) **Modifications/Amendments to DPSO**. This DPSO may only be modified for good cause and with the Court's consent. LR 26-4 governs modifications or extensions of any deadlines set by this DPSO. All stipulations or motions to extend a deadline set forth in this DPSO must be received by the Court no later than 21 days before the expiration of the subject deadline, and must comply with LR 26-4.

DATED this 10th day of July 2023.

HOLLAND & HART LLP

*/s/ Lars K. Evensen*
Lars K. Evensen, Esq.
Jenapher Lin, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

KERR SIMPSON ATTORNEYS AT LAW
P. Sterling Kerr, Esq.
George E. Robinson, Esq.
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052

*Attorneys for Plaintiff/Counterdefendant*
*International Markets Live, Inc. and*
*Counterdefendant Christopher Terry*

SLIGHTING LAW

*/s/ Christopher Wellman*
Bradley S. Slighting, Esq. (NBN 10225)
1707 Village Center Cir., #100
Las Vegas, NV 89134
Telephone: (702) 232-2543
Email: brad@slightinglaw.com

Christopher Wellman (*pro hac vice*)
California Bar No. 304700
WELLMAN & WARREN LLP
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Tel: (949) 580-3737
cwellman@w-wlaw.com

*Attorneys for Defendants DAVID IMONITIE;*
*SPELA SLUGA; DEVON ROESER;*
*NVISIONU, INC., Bass Grant, Lucas*
*Longmire, Vince Murphy*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

SLIGHTING LAW

*/s/ Justin L. James*
Bradley S. Slighting, Esq. (NBN 10225)

Justin L. James (*pro hac vice*)
Utah Bar No. 15167
James Dodge Russell & Stephens PC
10 West Broadway, Suite 400
Salt Lake City, UT 84101
801.363.6363
jjames@jdrslaw.com

*Attorneys for Defendants Ivan Tapia, Justin Owens, Angela Cruickshank, Jeff Cruickshank*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED:  July 11, 2023

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP<br>9555 HILLWOOD DRIVE, 2ND FLOOR<br>LAS VEGAS, NV 89134

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the 10th day of July 2023, a true and correct copy of the foregoing

3 **FIFTH STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (SPECIAL**

4 **SCHEDULING REVIEW REQUESTED)** was served by the following method(s):

5  ☑  <u>Electronic</u>:  by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically

6 in accordance with the E-service list to the following email addresses:

7 Bradley S. Slighting (10225)                    Bradley S. Slighting (10225)
SLIGHTING LAW                                     SLIGHTING LAW

8 1707 Village Center Cir, Ste 100                 1707 Village Center Cir, Ste 100
Las Vegas, NV 89134                               Las Vegas, NV 89134

9 Tel: (702) 840-3749                              Tel: (702) 840-3749
brad@slightinglaw.com                             brad@slightinglaw.com

10

Christopher Wellman (*pro hac vice*)             Justin L. James (*pro hac vice*)

11 California Bar No. 304700                        Utah Bar No. 15167
WELLMAN & WARREN LLP                              James Dodge Russell & Stephens PC

12 24411 Ridge Route, Suite 200                     10 West Broadway, Suite 400
Laguna Hills, CA 92653                            Salt Lake City, UT 84101

13 Tel: (949) 580-3737                              801.363.6363
cwellman@w-wlaw.com                               jjames@jdrslaw.com

14

*Attorneys for Defendants*                        *Attorneys for Defendants Ivan Tapia,*

15 *David Imonitie; Spela Sluga;*                    *Angela Cruickshank, Jeff*
*Devon Roeser; Nvisionu, Inc., Bass Grant,*       *Cruickshank, and Justin Owens*

16 *Lucas Longmire, Vince Murphy*

17 Nathan Samuel
*Pro Se Defendant*

18 1874 Brooks Dr NW
Atlanta, GA 30318

19 Email: Nathanmorehouse171@gmail.com
Tel: 516.282.5246

20

21

22                                                 */s/ Brenda Schroeder*
                                                  An Employee of Holland & Hart LLP

23

24

25

26

27

28