1
2
3                     UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                  * * *
6   INTERNATIONAL MARKETS LIVE,              Case No. 2:22-cv-01863-GMN-BNW
    INC., d/b/a IM MASTERY ACADEMY,
7
                        Plaintiff,           **ORDER DENYING MOTION TO**
8                                            **STRIKE FIRST AMENDED**
            v.                               **COMPLAINT AND**
9                                            **RECOMMENDING THAT THIS**
    DAVID IMONITE, *et al.*,                 **ACTION BE REMANDED.**
10
                        Defendants.
11
12

13        Presently before the Court is Defendants' Joint Motion to Strike Plaintiff's First Amended

14   Complaint. ECF No. 76. Plaintiff filed a response, ECF No. 86, to which Defendants replied, ECF

15   No. 93.

16   I. Procedural History

17        Plaintiff International Markets Live, Inc. ("IML"), a New York corporation, initiated this

18   action against Defendants in Nevada state court on July 2, 2022. ECF No. 1-3. On October 7,

19   2022, Plaintiff filed a motion to amend in state court. On October 24, 2022, while the motion to

20   amend was pending in state court, Defendant Ivan Tapia was served with the summons and

21   complaint. ECF No. 1. Defendant Tapia then filed a timely notice of removal on November 4,

22   2022. *Id.* By virtue of Local Rule 81-1, any pending motion in state court was automatically

23   denied without prejudice upon removal.

24        Plaintiff refiled his motion to amend on November 22, 2022. ECF No. 21. That motion

25   was promptly denied without prejudice by the Court based on the parties' failure to meet and

26   confer. ECF No. 28. On December 12, 2022, Plaintiff again refiled his motion to amend. ECF No.

27   41. Two days later, Defendant Tapia filed his answer. ECF No. 44. On December 20, 2022, in

28

1   direct response to Defendant Tapia's answer, Plaintiff withdrew his motion to amend and filed his

2   First Amended Complaint ("FAC"). ECF No. 47.

3       Since then, Plaintiff has voluntarily dismissed all of the international defendants added in

4   his FAC. In effect, the First Amended Complaint added eight (8) defendants two of which are

5   citizens of New York whose presence destroys diversity and requires remand. Defendants then

6   filed the present motion to strike the amended complaint, and in the alternative, to sever the non-

7   diverse defendants.

8   II. Standard

9       "Federal courts are courts of limited jurisdiction," and "possess only that power

10  authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*

11  *v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "If at

12  any time before final judgment it appears that the district court lacks subject matter jurisdiction,

13  the case shall be remanded." 28 U.S.C. § 1447(c).

14      In this action, the district court had subject matter jurisdiction at the time of removal

15  because plaintiff is not a citizen of the same state as any defendant and the amount in controversy

16  exceeded $75,000. 28 U.S.C. § 1332(a). Therefore, the addition of a diversity-destroying

17  defendant would require remand. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir.

18  2004); 28 U.S.C. § 1447(e).

19      The permissive standard of Federal Rule of Civil Procedure ("Rule") 15(a) allows for

20  amendment as a matter of course prior to the service of a responsive pleading, and within twenty-

21  one days after service of a responsive pleading. However, "the proper standard for deciding

22  whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C.

23  § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11–04551 AHM FFMX, 2012 WL 751919, at *1

24  (C.D. Cal. 2012); *see, e.g., Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D. Cal. 1999); *see also*

25  *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d

26  1008,  1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendments are analyzed

27  under § 1447(e) and require higher scrutiny than does amendment generally).

28

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The district court has discretion to deny or permit joinder that destroys diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When ruling on a motion that would destroy diversity jurisdiction, courts may consider the following factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Lieberman v. Wal–Mart Stores, Inc.*, No. 2:12–cv–1650–JCM-PAL, 2013 WL 596098, at *2 (D. Nev. Feb. 15, 2013) (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002)).

III. Analysis

Defendants argue that the Court should strike the First Amended Complaint because Plaintiff does not have a permissive right to file an amended complaint as a matter of course after the answer of a late served Defendant. Alternatively, Defendants argue the court should deny joinder under 28 U.S.C. § 1447(e) or sever the non-diverse defendants. Plaintiff counters that it properly filed its amended complaint, and that even if it did not, leave to amend should be granted per Rule 15(a)(2).

The parties agree that the Ninth Circuit has never "squarely addressed" whether Plaintiff's permissive right to file an amended complaint is limited to the first responsive pleading or motion of a defendant under Fed. R. Civ. P. 15(a)(1). *See Defendants' Motion to Strike*, ECF No. 76 at 12; *Plaintiff's Response*, ECF No. 86 at 6. However, it is unnecessary for this Court to address this argument given Plaintiff's alternative argument that leave to amend should be granted under

1    28 USC § 1447(e). Pursuant to § 1447(e), the Court, in its broad discretion, finds that Plaintiff's

2    motion to amend should be granted.

3          While the first and second factors do not appear to counsel in favor of amendment, the

4    remaining factors do. There has been no unexpected delay in seeking to add the new defendants.

5    In fact, Plaintiff has vigorously pursued amendment since the beginning of the action. Its first

6    motion to amend was filed on October 7, 2022. The time for a response had passed without

7    opposition and it was set for a hearing in state court. The motion was not adjudicated, however,

8    because it was automatically denied without prejudice upon Defendant Tapia's removal. *See*

9    Local Rule 81-1. Plaintiff refiled the motion shortly after removal on November 22, 2022, not

10   realizing that the Court preferred parties to meet-and-confer before filing a motion to amend.

11   After the Court denied the motion without prejudice, Plaintiff filed it for a third time on

12   December 12, 2022.  When Defendant Tapia filed his answer, Plaintiff withdrew the motion and

13   filed the FAC on December 20, 2022. Therefore, the Court can only find that Plaintiff has been

14   diligent in seeking to join these Defendants.

15         Further, there is little evidence that Defendant is seeking amendment merely to defeat

16   diversity jurisdiction. First, Plaintiff sought to join these same parties while the action was still in

17   state court. Second, Plaintiff could have avoided removal while the action was in state court by

18   voluntarily dismissing Tapia. Instead, Plaintiff sought permission to serve, and served Defendant

19   Tapia by email. Tapia then had thirty days to file his notice of removal. If Plaintiff's goal had

20   been to stay in state court, it could have avoided serving Defendant Tapia until the non-diverse

21   defendants had been served. Therefore, the Court finds that the fourth factor favors amendment—

22   joinder of non-diverse defendants is not being sought solely to defeat jurisdiction.[1]

23         Therefore, the Court exercises its discretion to deny Defendants' motion to strike and

24   grant Plaintiff's argument in the alternative to amend. The amended complaint adds two non-

25

26

27         [1] The fifth and the sixth factors tip in favor of neither party. Plaintiff would suffer some prejudice from
     having to wage multiple lawsuits with similar facts. The strength of the claims is no stronger or weaker against the
28   parties Plaintiff seeks to join than those already served. Therefore, neither factor favors one party.

1  diverse parties, citizens of New York, that destroy diversity jurisdiction. Therefore, pursuant to 28

2  U.S.C. § 1447(e), this Court recommends that this action be remanded.

3  III. Conclusion

4        Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion to Strike

5  Plaintiff's First Amended Complaint, ECF No. 76, is **DENIED**;

6        IT IS FURTHER ORDERED that Defendants' motion to sever non-diverse Defendants is

7  **DENIED;**

8        IT IS FURTHER RECOMMENDED that this action be **REMANDED for lack of**

9  **diversity jurisdiction**;

10        IT IS FINALLY ORDERED that the hearing scheduled for July 18, 2023 is **VACATED**.

11  **NOTICE**

12        This report and recommendation is submitted to the United States district judge assigned

13  to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

14  may file a written objection supported by points and authorities within fourteen days of being

15  served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

16  objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

17  1157 (9th Cir. 1991).

18        DATED: July 17, 2023.

19  _____

20  BRENDA WEKSLER
    UNITED STATES MAGISTRATE JUDGE