UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE INC., a New York Corporation d/b/a IM MASTERY ACADEMY,<br><br>     Plaintiff,<br> vs.<br><br>DAVID IMONITIE, *et al.*,<br><br>     Defendant. | Case No.: 2:22-cv-01863-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Brenda Weksler, (ECF No. 230), recommending that this case be remanded for lack of diversity jurisdiction. Defendants timely filed a Joint Objection. (Joint Obj., ECF No. 236). Plaintiff International Markets Live, Inc. timely filed a response. (Joint Obj. Resp., ECF No. 241). For the reasons discussed below, the Court **ADOPTS in full** the Magistrate Judge's R&R and **DENIES as moot** all other pending motions before this Court.

I. **BACKGROUND**

Plaintiff International Markets Live, Inc. ("IML") initiated this action against Defendants in Nevada's Eighth Judicial District Court. (*See* Compl., ECF No. 1-3). Defendant Ivan Tapia removed the case by invoking this Court's diversity jurisdiction. (Pet. Removal, ECF No. 1). After removal, Plaintiff twice attempted to amend its complaint to add additional defendants. (First Mot. Amend, ECF No. 21); (Sec. Mot. Amend, ECF No. 41). But after Defendants filed an answer, Plaintiff withdrew its second motion to amend and filed the First Amended Complaint ("FAC"). (FAC, ECF No. 47). In the FAC, Plaintiff states that it is a New York Corporation and adds two new Defendants alleged to reside in New York: Nathan Samuel and Imran Richie. (FAC, ¶¶ 10–11). About two months later, Defendant Richie was

1  voluntarily dismissed from the suit. (Not. Vol. Dismiss, ECF No. 129). This left only one non-
2  diverse party in the suit: Samuel, a *pro se* Defendant. Plaintiff served Samuel at his New York
3  address, (Summons Executed, ECF No. 134), and Samuel then filed a motion to dismiss for
4  lack of personal jurisdiction, (Mot. Dismiss, ECF No. 173). Although Samuel's motion alleged
5  that he resided in Georgia, his attached declaration stated that he resided in Florida. (*Id.*).

6  In response to the FAC's apparent destruction of complete diversity, Defendants filed a
7  motion to strike the FAC, or in the alternative, to sever the newly added defendants. (Mot.
8  Strike, ECF No. 71). Plaintiff filed a Response, (ECF No. 86), to which Defendants filed a
9  Reply, (ECF No. 93). Magistrate Judge Brenda Weksler entered the underlying R&R, denying
10 Defendants' Joint Motion and recommending that this action be remanded for lack of diversity
11 jurisdiction. (R&R 5:4–9). Defendants object to this recommendation. (*See generally*, Joint
12 Obj.)

13 **II.      LEGAL STANDARD**

14 A party may file specific written objections to the findings and recommendations of a
15 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
16 D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de*
17 *novo* determination of those portions to which objections are made. *Id.* The Court may accept,
18 reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate
19 Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

20 "Federal courts are courts of limited jurisdiction," and "possess only that power
21 authorized by Constitution and statute, which is not to be expanded by judicial decree."
22 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations
23 omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden
24 of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations
25 omitted). When an amended complaint adds new parties, diversity must exist at the time of the

1  amendment. *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966).

2  The federal removal statute provides that a defendant may remove an action to federal
3  court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.  "The
4  'strong presumption against removal jurisdiction means that the defendant always has the
5  burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor
6  of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)
7  (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)).  "If at any time
8  before final judgment it appears that the district court lacks subject matter jurisdiction, the case
9  shall be remanded." 28 U.S.C. § 1447(c).

10 **III.    DISCUSSION**

11 Defendants' objection to remand rests on their contention that Samuel is a citizen of
12 Florida, not New York. (Joint Obj.)  Because Defendants' objection to the R&R involves only
13 the purported domicile of Samuel, and not the Magistrate Judge's decision to deny their motion
14 to strike the First Amended Complaint, this Court will exclusively address the domicile issue.

15 Defendants argue that "nothing in the record establishes that Samuel is a resident of
16 New York." (Joint Obj. 5:23).  To support this contention, they point to Samuel's Declaration,
17 which asserts that he currently resides in Florida and was residing there when the First
18 Amended Complaint was filed. (*Id.* 5:27–28) (citing Samuel Decl. 2:22–23, Ex. 1 to Mot.
19 Dismiss, ECF No. 173-1).  Defendants additionally rely on the Declaration of Mr. Lawver, a
20 private investigator, who stated that Samuel has resided in Florida since September 2021. (*Id.*
21 4:15–18).

22 Plaintiff responds that Samuel has not presented a basis "for any purported change in his
23 New York domicile other than internally inconsistent assertions of his current residency being
24 either Florida or Georgia." (Joint Obj. Resp. 3:17–18) (referring to the inconsistencies in
25 Samuel's Motion to Dismiss and his Declaration).  Thus, Plaintiff concludes, Defendants have

failed to meet their burden of proving that this Court's jurisdiction is properly invoked. (*Id.* 8:15–16).[1]

### A. Defendants' Burden to Prove Diversity

Defendants misconstrue which party has the burden of proof. Although Defendants argue that Plaintiff has not put forward any evidence of Samuel's domicile in New York, Defendants have the burden to prove that Samuel is *not* domiciled in New York. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he party asserting diversity jurisdiction bears the burden of proof.")

Defendants' evidence is based on two declarations: one from Samuel, and one from a private investigator. Samuel's Declaration states that he currently resides in Florida and was residing there when Plaintiff added him as a party to the suit. (Samuel Decl. 2:22–23, Ex. 1 to Mot. Dismiss, ECF No. 173-1). He further claims that he intends to stay in Florida as his "permanent residence" and has "no intention to reside in New York any time soon, or any time in the next few years." (*Id.* 2:24–26). Additionally, he states that his work and home are in Florida. (*Id.* 2:27). As Plaintiff points out, however, Samuel's claims of residing in Florida conflict with his claims of residing in Georgia. (*See* Mot. Dismiss 8:20–21, 9:4). This conflict detracts from the credibility of Samuel's Declaration. Nonetheless, Samuel's claim to reside in Florida is bolstered by the Private Investigator's Declaration. Private Investigator Sean Lawver declared that he conducted a search on a proprietary database and found that Samuel "began reporting in Florida on September 3, 2021." (Lawver Decl. at 1, Ex. 1 to Joint Notice of Updated Info., ECF No. 145-1). Lawver did not include a screenshot or further evidence of his search results for the Court to review.

---

[1] Plaintiff also notes that Defendants did not raise the domicile issue in their briefing before the Magistrate Judge. (*Id.* 7:18–21). The Court exercises its discretion to consider Defendants' argument, even though it is presented for the first time in their objection to the Magistrate Judge's recommendation. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

1    Plaintiff's Reply includes attached exhibits for the Court to consider.  Plaintiff first
2    points out that Samuel was properly served in New York, and Samuel did not raise arguments
3    relating to improper or insufficient service. (*Id.* 10:9–13).  Plaintiff attaches two 1099 tax forms
4    from 2019 and 2021 listing Samuel's New York address, during which time Plaintiff paid
5    Samuel to sell its products. (1099 Forms, Ex. 2, 3 to Joint Obj. Resp.).  Further, Plaintiff
6    includes a screenshot from the New York Secretary of State's website for Samuel's LLC,
7    listing Samuel as the registered agent at the same New York address. (New York Sec. of State
8    Page, Ex. 4 to Joint Obj. Resp.).  Plaintiff also claims that Samuel is currently registered to vote
9    in New York according to a LexisNexis report. (*Id.* 10:24–25).

    Moreover, Plaintiff alleges that there is a presumption in favor of Samuel's established
domicile in New York against his new residence in Florida. (Joint Obj. Resp., 10:25–27).  The
Court agrees.  A party alleging a newly acquired domicile must produce "substantial evidence"
to rebut the presumption favoring his previously established domicile." *Arnold v. Melwani*, CV.
NO. 09-00030 DAE, 2013 WL 205430, *15 (D. Guam Jan. 9, 2013) (citing *Lew*, 797 F.2d at
752).  A person does not lose their old domicile until a new one is acquired. *Barber v.
Varleta,* 199 F.2d 419, 423 (9th Cir. 1952).  Plaintiff provided evidence demonstrating that
Samuel resided in New York before moving to Florida, which the two declarations do not
dispute, and therefore the Court finds a presumption in favor of New York.

**B. Determination of Domicile**

Even though Defendants sufficiently demonstrated Samuel's residency in Florida at the
time the First Amended Complaint was filed in December 2022, they must also show Samuel's
intent to remain there.[2]  To prove Samuel's domicile, Defendants must show (1) his physical

---

[2] By arguing that Samuel was properly served in New York, Plaintiff appears to imply that Samuel resided in New York when it filed the First Amended Complaint.  However, because none of Plaintiff's evidence is inconsistent with the allegation that Samuel moved from New York to Florida before December 2022, the Court relies on assertions made in the two declarations.

presence in the new location, and (2) that Samuel had the intent to remain there indefinitely. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750). No single factor is determinative. *Lew*, 797 F.2d at 750. These objective factors are evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Id.*

Here, Samuel's declaration affirmatively states that his current residence and place of employment are in Florida, and that he does not intend to live in New York "any time in the next few years." (Samuel Decl. 2:22–26, Ex. 1 to Mot. Dismiss). But these assertions alone do not prove domicile. *See Bengtsson v. Caris MPI, Inc.*, No. 2:22-CV-02894-MEMF (JCx), 2022 WL 2764367, at *5 (C.D. Cal. July 13, 2022) (finding that domicile was not established through assertions of domicile and residence alone, without further facts on voting practices, location of real and personal property, location of family, and other *Lew* factors). Defendants do not provide the Court with any additional evidence in support of Samuel's intent to remain in Florida. While objective evidence is not a requirement to determine domicile, courts in the Ninth Circuit have found that a declaration is sufficient *in the absence of* evidence or rebuttal from the other side. *See Gonzalez v. Starwood Hotels*, No. CV 16-1068-GW (JEMx), 2016 WL 1611576, at *4 (C.D. Cal. Apr. 21, 2016); *Socoloff v. LRN Corp.*, No. CV 13-4910-CAS (AGRx), 2013 WL 4479010, at *3 (C.D. Cal. Aug. 19, 2013) ("In the absence of any rebuttal from plaintiff—such as a declaration that he is domiciled in a state other than California—

defendant has carried its burden of showing diversity."). Plaintiff's rebuttal includes two years of tax forms, proof of Samuel's listed address in New York as the registered agent of an LLC, and Samuel's voter registration in New York. (*See generally* Joint Obj. Resp.)

In this case, Defendants have not sufficiently met their burden of proving that this Court has diversity jurisdiction. Though Defendants properly alleged that Samuel lived in Florida when he was served, they did not provide enough evidence demonstrating his intent to remain. Without more, and in light of the evidence put forward by Plaintiff, the Court cannot find that two declarations adequately rebut the presumption in favor of Samuel's previous domicile. Because the Court must resolve all ambiguity in favor of remand, the Court **ADOPTS in full** the Magistrate Judge's R&R and remands the case to state court.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 230), is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that all other motions pending before the Court are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

Dated this  22   day of September, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court